# EXHIBIT A

Diana Gevorkian, Esq., State Bar No. 275598
**DIANA GEVORKIAN LAW FIRM**
9465 Wilshire Blvd., Suite 300
Beverly Hills, California 90212
Phone: (310) 300-3435
diana.gevo@employeerightsattorneygroup.com

Attorneys for Plaintiff Frank Bucci

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| FRANK BUCCI, an individual, | **CASE NO.** |
| | **Unlimited Action** |
| Plaintiff, | |
| vs. | **COMPLAINT FOR:** |
| UNITED AIRLINES, INC., a business entity, and DOES 1 through 50 Inclusive, | **(1) RETALATION IN VIOLATION OF LABOR CODE §1102.5** |
| Defendants. | **(2) DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF FEHA (Gov. Code §12940, *et. seq.*)** |
| | **(3) AGE DISCRIMINATION IN VIOLATION OF FEHA (Gov. Code §12940, *et. seq.*)** |
| | **(4) FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF FEHA (Gov. Code §12940, *et. seq.*)** |
| | **(5) RETALIATION IN VIOLATION OF FEHA (Gov. Code §12940, *et. seq.*)** |

-1-
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

(6) **FAILURE TO PREVENT RETALIATION IN VIOLATION OF FEHA (Gov. Code §12940, *et. seq.*)**

(7) **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

**DEMAND FOR JURY TRIAL**

Plaintiff Frank Bucci, ("Mr. Bucci") based on information, belief, and/or observation, makes the following allegations in support of this Complaint:

## INTRODUCTION

Mr. Bucci, a Veteran and a Purple Heart recipient, had worked for United for over 40 years at the time of termination. Despite his loyalty and exemplary service, United's proffered reason for his termination was that he took a drink of water in his time of need. United was aware that Mr. Bucci drank water to alleviate the symptoms of heat illness to avoid passing out after he had been working outside and under the hot sun on one of its planes. United cited conduct that was caused by Mr. Bucci's disability within the meaning of the Fair Employment and Housing Act ("FEHA"); thereby giving rise to a disability discrimination claim as a matter of law. United retaliated against Mr. Bucci for raising complaints that planes were not flight ready and got rid of him to make room for substantially younger technicians rather than taking remedial action.

## THE PARTIES

1.    *Plaintiff:* Frank Bucci ("Mr. Bucci" or "Plaintiff"), an individual, resided and was employed in Los Angeles County, California.

2.    *Defendant:* United Airlines, Inc. ("United" and/or "Defendant" and/or "Defendants") is, and at all times mentioned in this Complaint, was authorized to operate

by the State of California and the United States government and was authorized and qualified to do business in the County of Los Angeles.

3. *Doe Defendants:* Mr. Bucci is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these Defendants by such fictitious names. Mr. Bucci will amend this complaint to allege their true names and capacities when the same have been ascertained. Mr. Bucci is informed and believes, and on that basis, alleges that each of the fictitiously named Defendants claims an interest in the subject matter of this controversy, or is responsible in some manner for the damages hereinafter alleged by Mr. Bucci. Except as noted otherwise, wherever in this Complaint reference is made to any act of "Defendants," such allegation shall be deemed to mean all United and DOES 1 through 50, or their officers, agents, managers, representatives and employees. The actions alleged against persons in this Complaint were authorized by Defendants and taken while actively engaged in the operation, management, direction or control of the affairs of Defendants and while acting within the course and scope of their duties with Defendants.

4. *Relationship of Defendants:* Plaintiff is informed and believes, and based thereon alleges that at all times material and relevant herein, that each of the Defendants, including each DOE Defendant, was the agent, subsidiary, employee, representing partner, partner, servant, employer, joint-employer, integrated enterprise, co-venturer, joint venture, successor corporation, successor entity, successor, alter ego, and/or owner, of the remaining Defendants and was working in concert with his or their co-Defendants and was acting within the course and scope of such agency, successorship, ownership, partnership, employment, venture, and/or concerted activity and in doing the acts alleged herein, was acting both individually and within the course and scope of such agency, partnership, employment, venture, and/or concerted activity and with the knowledge, consent and ratification of the remaining Defendants. Each of the Defendants condoned, approved of and/or otherwise ratified the acts of each of the other Defendants. Whenever and wherever reference is made in this Complaint to any act or failure to act by a

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

5.     Defendants employed Mr. Bucci as defined in the Fair Employment and Housing Act ("FEHA") Gov. Code §12926.  Mr. Bucci observed and is informed and believes, and on that basis, alleges that at all relevant times Defendants employed more than five (5) employees in California and was therefore an employer covered by FEHA at Gov. Code §12940(j)(4).  In addition, Defendants compelled, coerced, aided and abetted the discrimination, which is prohibited under FEHA Gov. Code §12940(i).

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

6.     Mr. Bucci restates and incorporates by reference, as though fully set forth herein, each and every allegation set forth in the paragraphs above.

7.     Mr. Bucci worked for United since 1984 until he was wrongfully terminated in 2025.  At the time of his termination, Mr. Bucci was the Lead Line Technician.  His main duties included making sure that planes were safe and flight ready through inspections, preventative and routine maintenance and/or parts replacements, among other duties.

### Disability Discrimination

8.     Mr. Bucci primarily worked outside.

9.     Labor Code § 2441 requires every employer to provide fresh drinking water "without making a charge thereof." It also provides that access to water must be provided at "reasonable and convenient times and places."  United also instructs employees to "Drink cool water even if you aren't thirsty – at least 1 cup every 20 minutes." United's policy also indicated that United would provide water at employee worksites.

10.     During the summer months of 2024 including August and September, Mr. Bucci complained to his immediate supervisor that United did not provide water at or near his worksite and indicated that he was prone to dehydration and not feeling well when working in the heat without a cool-off opportunity.

11.     By 2025, Mr. Bucci was 76 years old.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

12. On April 10, 2025 Mr. Bucci was working outdoors on an aircraft under the sun in hot weather. United did not provide water at Mr. Bucci's worksite.

13. After prolonged sun exposure, Mr. Bucci began experiencing symptoms of dehydration, including thirst, dry mouth and excessive perspiration.

14. A cabin supervisor cleared Mr. Bucci to enter the aircraft. As part of his duties, Mr. Bucci entered the aircraft to check on items necessary to ensure a safe flight.

15. However, once entering the aircraft Mr. Bucci felt ill. He experienced light-headedness, heart-palpitations, and felt that he was going to pass-out; symptoms **which interfered with and prevented him from working.** Due to feeling ill, he was unable to continue working.

16. He located a bottle of water inside the aircraft and drank it in an effort to relieve his symptoms and avoid passing out.

17. Soon after, United inquired whether Mr. Bucci took and drank from a bottle of water. Mr. Bucci explained verbally and in writing that he drank from a bottle of water to relieve symptoms of light-headiness and heart-palpitations and to avoid passing out because he felt ill and that he was going to pass-out. He attributed these symptoms to working outside in the heat and resulting dehydration.

18. On or about June 5, 2025, United terminated Mr. Bucci for taking and drinking from a bottle of water even though United was aware that Mr. Bucci's actions were caused by a severe, temporary illness, which qualified as a disability within the meaning of California's Fair Employment and Housing Act ("FEHA").

19. Within the meaning of FEHA a "disability may be temporary or short term and includes not only physical impairments that are actually disabling, but also physical impairments that are potentially disabling or are perceived as disabling or potentially disabling." *Ross v. County of Riverside*, (2019) 36 Cal.App.5th 580, 594.

20. There is **no temporal** or duration requirement for a health condition to qualify as a disability under FEHA. *Diaz v. Federal Express Corp.*, (C.D. Cal. 2005) 373 F.Supp.2d 1034, 1052–1053 (Defendant does not seem to have a textual foothold for the

proposition that the Legislature intended to include a durational requirement in its definition of "disability." The Court declines to draw such a conclusion based on the Legislature's silence, especially in light of the Legislature's specific instructions in section 12926.1 that the FEHA definition of 'disability' is to be construed more broadly than the definition of 'disability' under the ADA"). Even "temporary, non-chronic conditions may be disabilities under FEHA." *Avila v. Continental Airlines, Inc.*, (2008) 165 Cal.App.4th 1237, 1249 fn 5 citing *Diaz, supra*.

21. United cited Mr. Bucci's actions -- which were caused by his disability within the meaning of FEHA -- as reason for termination.

22. *Diaz v. Fed. Express Corp.* (2005) 373 F.Supp.2d 1034, 1064 "Although Defendant may have fired Plaintiff because of his absences . . . if the trier of fact believes that **Plaintiff's absences were caused by that disability**, Plaintiff will have established that Defendant's termination of Plaintiff was an adverse employment action taken because of Plaintiff's disability."].).

23. *Equal Employment Opportunity Commission v. Walgreen Co.*, (N.D. Cal. 2014) 34 F.Supp.3d 1049, 1059 (where Hernandez took a bag of chips during a temporary seizure "the misconduct alleged by Walgreens that formed the basis of her termination was the taking of the chips without paying for them first, an act Hernandez claims was caused by her disability. Walgreens has failed to allege *any* misconduct that is **unrelated to her disability**.").

### Pattern and History of Age Discrimination

24. Mr. Bucci's termination was also motivated by ageism and Mr. Bucci's complaints regarding passenger safety.

25. During his tenure, Mr. Bucci experienced a pattern of age discrimination. By way of example, while working for United at the Santa Ana Airport Mr. Bucci went on worker's compensation leave in or around 2016. He was cleared to return to work soon after on the condition he was placed on light duty.

26.    From on or about 2016 to 2019 United refused to allow Mr. Bucci to return to work while allowing younger employees to work light duty.  In the interim, United replaced Mr. Bucci with a substantially younger employee.

27.    Only when Mr. Bucci was able to work regular duty without the need for medical accommodation, United allowed him to return to work.  Upon returning to work, his supervisor made his working conditions difficult for him, which prompted Mr. Bucci to transfer to United's Los Angeles International Airport Location ("LAX").

28.    Mr. Bucci also observed that United engaged in a pattern of replacing senior technicians who were over 40 years old with substantially younger technicians.

29.    United also lowered qualifications to attract technicians with less experience. In or about 2024, United opened approximately 12 lead line technician positions and eliminated the previous five (5) year experience requirement.  United then terminated Mr. Bucci, to make room for newer, substantially younger technicians.

### Mr. Bucci's Safety Complaints

30.    United's planes had ongoing mechanical problems that were not addressed prior to take-off thereby affecting passenger safety.  On or about October 2021, due to an increase in these mechanical problems, United issued a safety order called the Line Operations Safety Assessment ("LOSA") requiring mechanics to check other mechanic's work prior to take-off.  However, the order was not consistently followed.

31.    Mr. Bucci complained to a supervisor that planes were allowed to take-off without a secondary review and shared his concerns that such disregard placed passengers and United employees on-board at risk of injury.  For example, on March 7, 2024 a plane lost a tire. Mr. Bucci documented and complained about this incident.

32.    In response, Mr. Bucci's supervisor brushed off these concerns stating words to the effect that no one was hurt and prioritizing timely take-offs.

33.    On or about October 29, 2024, a plane lost a tire and a bleed valve was installed wrong affecting the plane's operational safety.  Mr. Bucci documented and complained about these incidents to his supervisor.

34.    On or about December 6, 2024 Mr. Bucci went on medical leave to undergo hip surgery and returned to work on February 6, 2025.

35.    After he returned to work and shortly before his termination, Mr. Bucci raised additional safety concerns.

36.    On or about February 8, 2025, Mr. Bucci complained that a valve was installed incorrectly on the plane.

37.    In or about February 2025, Mr. Bucci observed that the cleaning supervisor disassembled passenger seat during daily audits without notifying the maintenance crew. Critical safety components were removed such as including but not limited to seat belts and life vests without being placed back. The cleaning supervisor disassembled these items without following existing protocol requiring him to report missing or damaged items.

38.    In or about February 2025, Mr. Bucci complained to his supervisor that the cleaning supervisor's practice and failure to follow protocol posed a safety risk to passengers since the maintenance crew was not alerted when basic safety equipment was removed or misplaced. The supervisor stated that he would look into but nothing was done as Mr. Bucci continued to observe these incidents. At or about that time, Mr. Bucci also complained directly to the cleaning supervisor, who indicated that that Mr. Bucci was being petty.

39.    In or about April 2025, Mr. Bucci made similar complaints to his immediate supervisor and the cleaning supervisor and was dismissed and brushed off as before. When complaining to his immediate supervisor, Mr. Bucci explained that he was concerned that in combination with the safety order not being followed consistently and safety equipment removed and/or displaced inside the plane placed passengers at a significant risk of injury in the event of an adverse incident.

40.    Mr. Bucci was shocked and upset that shortly after these protected activities he was terminated on June 5, 2025.

41. United indicated that it terminated Mr. Bucci for taking and drinking from a bottle of water because he felt ill; conduct caused by his disability.

42. During his tenure, Mr. Bucci observed that individuals who were substantially younger than him engaged in similar and/or substantially worse actions without being terminated. Mr. Bucci was subject to harsher punishment due to his age, protected safety complaints and/or disability.

43. After termination, Mr. Bucci was replaced by substantially younger technicians with less experience than Mr. Bucci.

44. Mr. Bucci timely exhausted his administrative remedies by filing a complaint with the Civil Rights Department and Receiving a Right to Sue Notice.

**FIRST CAUSE OF ACTION**

**RETALIATION IN VIOLATION OF LABOR CODE §1102.5**

**Against United and DOES 1-50**

45. Mr. Bucci restates and incorporates by reference, as though fully set forth herein, each and every allegation set forth in the paragraphs above.

46. At all relevant times, Labor Code §1102.5 was in effect and binding on Defendants. The statute prohibits Defendants from retaliating and/or discriminating against any employee, including Mr. Bucci, from reporting internally to a supervisor reasonable suspicions of illegal activity prohibited by state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of her job duties.

47. As alleged above, Mr. Bucci engaged in the following protected activities:

48. Mr. Bucci reported what he reasonably believed to be non-compliance with California and federal aviation safety regulations relating to the airworthy condition of airplanes and pre-safety take-off requirements,

49. Mr. Bucci had reasonable cause to believe that the information disclosed a violation of state or federal law or violation of and/or noncompliance with a local, state or

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

federal rule or regulation including but not limited to State Aeronautics Act, Public Utilities Code Section 21407 and/or the Integrated Federal Standards (14 CFR 91.7).

50. The Federal Standards provide that no person may operate a civil aircraft unless it is in an airworthy condition.

51. Mr. Bucci also reported and objected to what he reasonably believed to be non-compliance related to failure to provide drinking water during working hours in violation of Lab. Code, § 2441.

52. Mr. Bucci made these complaints to his supervisor who had authority over Mr. Bucci and/or also authority to address and/or investigate Mr. Bucci's complaints.

53. In response, United retaliated against Mr. Bucci by terminating him and subjecting him to discriminatory disciplinary standards.

54. Mr. Bucci's aforementioned protected activities and/or perceived protected activities contributed to United's decision to retaliate against Mr. Bucci with adverse actions.

55. As a direct, foreseeable and proximate result of Defendants' acts, Mr. Bucci has suffered and will continue to suffer mental anguish, and emotional distress in the form of anxiety, depression, embarrassment, humiliation, as well as a loss of earnings and other employment benefits and job opportunities. Mr. Bucci is thereby entitled to general and compensatory damages in an amount according to proof at trial.

56. The conduct of Defendants, and each of them, as alleged above was fraudulent, oppressive and malicious and was undertaken with conscious or reckless disregard of Mr. Bucci's rights. Such conduct was undertaken by officers and managing agents of Defendants and was ratified by Defendants' management.

57. As a result, Mr. Bucci is entitled to an award of punitive and exemplary damages in an amount sufficient to deter Defendants, and others similarly situated, from such conduct in the future.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

58.    As a direct and proximate result of Defendants' actions, as alleged herein, Mr. Bucci is also entitled to reasonable attorneys' fees and costs of suit and pursuant to Labor Code §1102.5 and/or California Code of Civil Procedure §1021.5.

## SECOND CAUSE OF ACTION

**DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLAITON OF FEHA**

**Cal. Gov. Code § 12940, *et. seq.***

**Against United and DOES 1-50**

59.    Mr. Bucci restates and incorporates by reference, as though fully set forth herein, each and every allegation set forth in the paragraphs above.

60.    Mr. Bucci was at all times material hereto employed by Defendants, an employer covered by Cal. Gov. Code § 12940 prohibiting Defendants from discriminating against him on the basis of disability and/or perceived disability. Defendants discriminated against him  because of his disability and/or perceived disability in violation of Cal. Gov. Code § 12940.

61.    Defendants knew that Mr. Bucci had a qualifying FEHA disability/medical condition that limited his ability to work, a major life activity.

62.    Defendants subjected Mr. Bucci to adverse employment actions including wrongful termination.

63.    Mr. Bucci's disability and/or history of needing medical accommodations due to his disabilities and/or perceived disability and/or perceived need for medical accommodations in the future was a substantial motivating reason for the adverse employment actions in violation of FEHA in including the termination.

64.    *Diaz v. Fed. Express Corp.* (2005) 373 F.Supp.2d 1034, 1064 "Although Defendant may have fired Plaintiff because of his absences . . . if the trier of fact believes that Plaintiff's absences were caused by that disability, Plaintiff will have established that Defendant's termination of Plaintiff was an adverse employment action taken because of Plaintiff's disability."].).

65.    Mr. Bucci was harmed by Defendants' actions.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

66.     Defendants' act of subjecting Mr. Bucci to adverse employment actions because of his disabilities was a substantial factor in causing Mr. Bucci's harm.

67.     As a direct, foreseeable and proximate result of Defendants' actions, Mr. Bucci has suffered and will continue to suffer mental anguish, emotional distress in the form of anxiety, depression, embarrassment, humiliation, as well as a loss of earnings and other employment benefits and job opportunities.  Mr. Bucci is thereby entitled to general and compensatory damages in an amount according to proof at trial.

68.     The conduct of Defendants, and each of them, as alleged above was fraudulent, oppressive and malicious and was undertaken with conscious or reckless disregard of Mr. Bucci's rights.  Such conduct was undertaken by officers and managing agents of Defendants and was ratified by Defendants' management.  As a result, Mr. Bucci is entitled to an award of punitive and exemplary damages in an amount sufficient to deter Defendants, and others similarly situated, from such conduct in the future.

69.     As a direct and proximate result of Defendants' actions, as alleged herein, Mr. Bucci is entitled to reasonable attorneys' fees and costs of suit pursuant to Cal. Gov. Code §§ 12940 and/or 12965(b).

### THIRD CAUSE OF ACTION

### DISCRIMINATION ON THE BASIS OF AGE IN VIOLAITON OF FEHA

#### Cal. Gov. Code § 12940, *et. seq.*

#### Against United and DOES 1-50

70.     Mr. Bucci restates and incorporates by reference, as though fully set forth herein, each and every allegation set forth in the paragraphs above.

71.     Mr. Bucci was at all times material hereto employed by Defendants, an employer covered by Cal. Gov. Code § 12940 prohibiting Defendants from discriminating against him on the basis of his age in violation of Cal. Gov. Code § 12940.

72.     Mr. Bucci was over 40 years of age at the time of the adverse employment action(s).

73.     Prior to going on medical leave, he was performing his job satisfactory.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

74.   Mr. Bucci's age was a substantial motivating reason for Defendants' decision to terminate him in Favor of replacing him with significantly younger individual(s) and its decision to continue to hire significantly younger individuals.

75.   Mr. Bucci's age and/or perceived age was also a substantial motivating reason for the discriminatory disciplinary standards applied to Mr. Bucci.

76.   Defendants subjected Mr. Bucci to adverse employment actions including wrongful termination and discriminatory disciplinary standards.

77.   Mr. Bucci was harmed by Defendants' actions.

78.   Defendants' act of subjecting Mr. Bucci to adverse employment actions because of his age was a substantial factor in causing Mr. Bucci's harm.

79.   As a direct, foreseeable and proximate result of Defendants' actions, Mr. Bucci has suffered and will continue to suffer mental anguish, emotional distress in the form of anxiety, depression, embarrassment, humiliation, as well as a loss of earnings and other employment benefits and job opportunities. Mr. Bucci is thereby entitled to general and compensatory damages in an amount according to proof at trial.

80.   The conduct of Defendants, and each of them, as alleged above was fraudulent, oppressive and malicious and was undertaken with conscious or reckless disregard of Mr. Bucci's rights. Such conduct was undertaken by officers and managing agents of Defendants and was ratified by Defendants' management. As a result, Mr. Bucci is entitled to an award of punitive and exemplary damages in an amount sufficient to deter Defendants, and others similarly situated, from such conduct in the future.

81.   As a direct and proximate result of Defendants' actions, as alleged herein, Mr. Bucci is entitled to reasonable attorneys' fees and costs of suit pursuant to Cal. Gov. Code §§ 12940 and/or 12965(b).

## FOURTH CAUSE OF ACTION

### FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF FEHA

### Cal. Gov. Code § 12940, *et. seq.*

### Against United and DOES 1-50

82.    Mr. Bucci restates and incorporates by reference, as though fully set forth herein, each and every allegation set forth in the paragraphs above.

83.    At all material times mentioned herein, Mr. Bucci is informed and believes and on that basis alleges that Defendants had a duty to take all reasonable steps to prevent discrimination from occurring.  Defendants, however, failed to take all steps reasonably necessary to prevent discrimination from occurring.

84.    Defendants had ample opportunity to do so.  During the course of his employment, Mr. Bucci was discriminated against on the basis of, age, and/or disability/medical condition and exercising her rights under the FEHA in seeking an accommodation for her health issues.  Defendants' conduct violates Cal. Gov. Code § 12940(k).

85.    As a direct, foreseeable and proximate result of Defendants' acts, Mr. Bucci has suffered and will continue to suffer mental anguish, emotional distress in the form of anxiety, depression, embarrassment, humiliation, as well as a loss of earnings and other employment benefits and job opportunities.  Mr. Bucci is thereby entitled to general and compensatory damages in an amount according to proof at trial.

86.    The conduct of Defendants, and each of them, as alleged above was fraudulent, oppressive and malicious and was undertaken with conscious or reckless disregard of Mr. Bucci's rights.  Such conduct was undertaken by officers and managing agents of Defendants and was ratified by Defendants' management.  As a result, Mr. Bucci is entitled to an award of punitive and exemplary damages in an amount sufficient to deter Defendants, and others similarly situated, from such conduct in the future.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

87. As a direct and proximate result of Defendants' actions, as alleged herein, Mr. Bucci is entitled to reasonable attorneys' fees and costs of suit pursuant to Cal. Gov. Code §§ 12940 and/or 12965(b).

## FIFTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF FEHA

#### Cal. Gov. Code § 12940, *et. seq.*

#### Against United and DOES 1-50

88. Mr. Bucci restates and incorporates by reference, as though fully set forth herein, each and every allegation set forth in the paragraphs above.

89. Under FEHA, a request for an accommodation is a protected activity. *Castro-Ramirez v. Dependable Highway Express, Inc.*, 2 Cal. App. 5th 1028, 1049, (Ct. App. 2016)[1] ("This amendment to section 12940, effective January 1, 2016, makes it unlawful for an employer to retaliate or otherwise discriminate against a person for requesting a reasonable accommodation, regardless of whether the employer granted the request."). Cal. Gov. Code § 12940 subd. (m)(2).

90. Mr. Bucci requested medical accommodations in the form of medical leave. He also asked for United to accommodate his temporary, illness by allowing him to drink water. United retaliated against him for engaging in these protected activities by terminating him shortly after and subjecting him to discriminatory disciplinary standards.

91. As a direct, foreseeable and proximate result of the acts of Defendants, Mr. Bucci has suffered and will continue to suffer mental anguish, emotional distress in the form of anxiety, depression, embarrassment, humiliation, as well as a loss of earnings, loss of earning capacity, and other employment benefits and job opportunities. Mr. Bucci is thereby entitled to general and compensatory damages in an amount according to proof at trial.

---

[1] overruling *Rope v. Auto-Chlor Sys. of Washington, Inc.*, 220 Cal. App. 4th 635, 652 (2013) which previously held that a request for an accommodation was not a protected activity.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

92.     The conduct of Defendants, and each of them, as alleged above was fraudulent, oppressive and malicious and was undertaken with conscious or reckless disregard of Mr. Bucci's rights.  Such conduct was undertaken by officers and managing agents of Defendants and was ratified by Defendants' management.  As a result, Mr. Bucci is entitled to an award of punitive and exemplary damages in an amount sufficient to deter Defendants, and others similarly situated, from such conduct in the future.

93.     As a direct and proximate result of Defendants' actions, as alleged herein, Mr. Bucci is entitled to reasonable attorneys' fees and costs of suit pursuant to Cal. Gov. Code §§ 12940 and/or 12965(b).

## SIXTH CAUSE OF ACTION

### FAILURE TO PREVENT RETALIATION IN VIOLATION OF FEHA

### Cal. Gov. Code § 12940, *et. seq.*

### Against United and DOES 1 through 50

94.     Mr. Bucci restates and incorporates by reference, as though fully set forth herein, each and every allegation set forth in the paragraphs above.

95.     At all material times mentioned herein, Mr. Bucci is informed and believes and on that basis alleges that Defendants had a duty to take all reasonable steps to prevent retaliation from occurring.  Defendants failed to take all steps reasonably necessary to prevent retaliation from occurring despite ample opportunity to do so.  Defendants' conduct violates Cal. Gov. Code § 12940(k).

96.     As a direct, foreseeable and proximate result of the acts of Defendants, Mr. Bucci has suffered and will continue to suffer mental anguish, emotional distress in the form of anxiety, depression, embarrassment, humiliation, as well as a loss of earnings, loss of earning capacity, and other employment benefits and job opportunities.  Mr. Bucci is thereby entitled to general and compensatory damages in an amount according to proof at trial.

97.     The conduct of Defendants, and each of them, as alleged above was fraudulent, oppressive and malicious and was undertaken with a conscious or reckless

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

disregard of Mr. Bucci's rights. Such conduct was undertaken by officers and managing agents of Defendants and was ratified by Defendants' management. As a result, Mr. Bucci is entitled to an award of punitive and exemplary damages in an amount sufficient to deter Defendants, and others similarly situated, from such conduct in the future.

98.     As a direct and proximate result of Defendants' actions, as alleged herein, Mr. Bucci is entitled to reasonable attorneys' fees and costs of suit pursuant to Cal. Gov. Code §§ 12940 and/or 12965(b).

## SEVENTH CAUSE OF ACTION
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
### (Against All Defendants and DOES 1-50)

99.     Mr. Bucci restates and incorporates by reference, as though fully set forth herein, each and every allegation set forth in the paragraphs above.

100.    Defendants terminated Mr. Bucci's employment in violation of various fundamental public policies underlying both state and federal law.

101.    As discussed above, Mr. Bucci's employment was terminated because of his protected status and/or good faith complaints and protected activities in violation of the laws and regulations alleged in this Complaint.

102.    As a direct, foreseeable and proximate result of the acts of Defendants, Mr. Bucci has suffered and will continue to suffer mental anguish, emotional distress in the form of anxiety, depression, embarrassment, humiliation, as well as a loss of earnings, loss of earning capacity, and other employment benefits and job opportunities. Mr. Bucci is thereby entitled to general and compensatory damages in an amount according to proof at trial.

103.    The conduct of Defendants, and each of them, as alleged above was fraudulent, oppressive and malicious and was undertaken with conscious or reckless disregard of Mr. Bucci's rights. Such conduct was undertaken by officers and managing agents of Defendants and was ratified by Defendants' management. As a result, Mr.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Bucci is entitled to an award of punitive and exemplary damages in an amount sufficient to deter Defendants, and others similarly situated, from such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Bucci prays judgment be entered in her favor and against Defendants, and each of them, as follows, for:

1. Any and all damages allowed by California law, including but not limited to all special damages, according to proof;

2. For monetary, general and compensatory damages in an amount according to proof;

3. For punitive and exemplary damages where allowed by law in an amount sufficient to deter Defendants and others similarly situated from engaging in such conduct in the future;

4. For equitable relief including injunctive and/or declaratory relief;

5. That Defendants, its successors, agents, representatives, employees and all persons who act in concert with said Defendants be permanently enjoined from committing any acts of discrimination and retaliation, or other similar acts, including the violations alleged in all of the causes of action herein and as are prohibited by the laws and regulations referenced herein including but not limited to the Fair Employment and Housing Act, Labor Code §1102.5, and that Defendants be required to take such affirmative steps and necessary and appropriate to prevent further unlawful acts such as are alleged herein in the future;

6. Any and all statutory and civil penalties as allowed by law;

7. Costs of suit incurred herein;

8. Attorney's fees and costs as permitted based on the above causes of action; pursuant to including but not limited to Cal. Gov. Code §§12940, 12965, and Labor Code §1102.5 and as otherwise allowable by law; and

9. Such other further relief that the Court may deem just and proper.

### MR. BUCCI RESPECTFULLY DEMANDS A JURY TRIAL

Respectfully submitted,

DATED: February 17, 2026

DIANA GEVORKIAN LAW FIRM



By:_____
    Diana Gevorkian, Esq.
    Attorneys for Plaintiff Frank Bucci

-19-
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: 275598 | FOR COURT USE ONLY |
|---|---|---|

NAME: Diana Gevorkian, Esq.

FIRM NAME: Diana Gevorkian Law Firm

STREET ADDRESS: 9465 Wilshire Blvd., Suite 300

CITY: Beverly Hills    STATE: CA    ZIP CODE: 90212

TELEPHONE NO.: (310)300-3435    FAX NO.:

EMAIL ADDRESS: Diana.Gevo@EmployeeRightsAttorneyGroup.com

ATTORNEY FOR (name): Frank Bucci

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles**

STREET ADDRESS: 111 N. Hill Street

MAILING ADDRESS: 111 N. Hill Street

CITY AND ZIP CODE: Los Angeles, CA 90012

BRANCH NAME: Stanley Mosk Courthouse

**Electronically FILED by
Superior Court of California,
County of Los Angeles
2/18/2026 12:24 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By C. Cervantes, Deputy Clerk**

CASE NAME:
Bucci_v._United_Airlines,_Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $35,000) [ ] **Limited** (Amount demanded is $35,000 or less) | [ ] Counter    [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 26STCV05413  JUDGE:  DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Asbestos**
[ ] Asbestos (04)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/Unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Employment Development Department (EDD)**
[ ] EDD decision review (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Comprehensive groundwater adjudication (47)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

Judicial Council of California, courts.ca.gov
Rev. January 1, 2026, Mandatory Form
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740
Cal. Stds. Jud. Admin., std. 3.10

**Civil Case Cover Sheet**

CM-010, Page 1 of 3

→

**CM-010**

2.  Is this case complex under rule 3.400 of the California Rules of Court?  ☐ Yes  ☒ No

    If the case is complex, mark the factors requiring exceptional judicial management:

    a.  ☐  Large number of separately represented parties

    b.  ☐  Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve

    c.  ☐  Substantial amount of documentary evidence

    d.  ☐  Large number of witnesses

    e.  ☐  Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court

    f.  ☐  Substantial postjudgment judicial supervision

3.  Remedies sought *(check all that apply):*

    a.  ☒  monetary

    b.  ☒  nonmonetary; declaratory or injunctive relief

    c.  ☒  punitive

4.  Number of causes of action *(specify):* Seven

5.  Is this case a class action suit?  ☐ Yes  ☒ No

6.  If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 02-17-2026

Diana Gevorkian, Esq.
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

---

### NOTICE

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.

- File this cover sheet in addition to any cover sheet required by local court rule.

- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.

- Unless this is a collections case under rule 3.740 of the California Rules of Court or a complex case, this cover sheet will be used for statistical purposes only.

### INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on pages 1 and 2. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 of the California Rules of Court is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $35,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment.  The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**SEE PAGE 3 FOR INFORMATION PURPOSES ONLY.**

Rev. January 1, 2026                    **Civil Case Cover Sheet**                    **CM-010**, Page 2 of 3



**CM-010**

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/
Wrongful Death
Uninsured Motorist (46) *(if the case involves
an uninsured motorist claim subject to
arbitration, check this item instead of Auto)*
**Asbestos**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/Wrongful Death
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
Product Liability *(not asbestos or toxic/
environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–Physicians &
Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g.,
assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest)
*(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not
medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not
unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff
*(not fraud or negligence)*
Negligent Breach of Contract/Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book
accounts) (09)
Collections Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord-tenant, or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs,
check this item; otherwise, report as
Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition re Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case
Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner
Appeals
**Employment Development Department (EDD)**
EDD Decision Review (48) *(if the case
involves an Employment Development
Department decision, check this item
instead of Wrongful Termination or Other
Employment)*

**Provisionally Complex Civil Litigation (Cal.
Rules of Court, rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Comprehensive Groundwater Adjudication
(47)
Insurance Coverage Claims *(arising from
provisionally complex case type listed
above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic
relations)*
Sister-State Judgment
Administrative Agency Award *(not unpaid
taxes)*
Petition/Certification of Entry of Judgment
on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only Injunctive Relief
Only *(non-harassment)*
Mechanic's Lien
Other Commercial Complaint Case *(non-
tort/non-complex)*
Other Civil Complaint *(non-tort/non-
complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

Rev. January 1, 2026

**Civil Case Cover Sheet**

**CM-010**, Page 3 of 3

**For your protection and privacy, please press the Clear
button after you have printed the form.**

**Print**        **Save**        **Clear**

| SHORT TITLE | Electronically FILED by | CASE NUMBER |
|---|---|---|
| Bucci v. United Airlines, Inc. | Superior Court of California, County of Los Angeles 2/18/2026 12:24 PM David W. Slayton, Executive Officer/Clerk of Court, By C. Cervantes, Deputy Clerk | 26STCV05413 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court |
|---|

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE<br>Bucci v. United Airlines, Inc. | | CASE NUMBER | |
|---|---|---|---|

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ 3601 Wrongful Termination | 1, ②③ |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE<br>Bucci v. United Airlines, Inc. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE Bucci v. United Airlines, Inc. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE<br>Bucci v. United Airlines, Inc. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☐ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS: |
|---|---|
| CITY: Los Angeles | STATE: California | ZIP CODE: 90045 | 1 World Wy, Los Angeles, CA 90045 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: __02-18-2026__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td></td><td><em>FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)</em></td></tr>
</table>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

UNITED AIRLINES, INC., a business entity, and DOES 1 through 50 Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FRANK BUCCI, an individual

Electronically FILED by
Superior Court of California,
County of Los Angeles
2/18/2026 12:24 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By C. Cervantes, Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse

111 N. Hill Street, Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*

**26STCV05413**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Diana Gevorkian, Esq., 9465 Wilshire Blvd., Suite 300, Beverly Hills, CA 90212

DATE:
*(Fecha)* 02/18/2026

Clerk, by David W. Slayton, Executive Officer/Clerk of Court , Deputy
*(Secretario)* _____ C. Cervantes _____ *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐  as an individual defendant.

2. ☐  as the person sued under the fictitious name of *(specify):*

3. ☐  on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐  by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100  [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

Print this form    Save this form    Clear this form



*Superior Court of California, County of Los Angeles*
**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE**

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS MUST SERVE THIS ADR INFORMATION PACKAGE ON ANY NEW PARTIES NAMED TO THE ACTION WITH THE CROSS-COMPLAINT.**

**WHAT IS ADR?**
Alternative Dispute Resolution (ADR) helps people find solutions to their legal disputes without going to trial. The Court offers a variety of ADR resources and programs for various case types.

**TYPES OF ADR**

- **Negotiation.** Parties may talk with each other about resolving their case at any time. If the parties have attorneys, they will negotiate for their clients.

- **Mediation.** Mediation may be appropriate for parties who want to work out a solution but need help from a neutral third party. A mediator can help the parties reach a mutually acceptable resolution. Mediation may be appropriate when the parties have communication problems and/or strong emotions that interfere with resolution. Mediation may not be appropriate when the parties want a public trial, lack equal bargaining power, or have a history of physical or emotional abuse.

- **Arbitration.** Less formal than a trial, parties present evidence and arguments to an arbitrator who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.

- **Settlement Conferences.** A judge or qualified settlement officer assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Mandatory settlement conferences may be ordered by a judicial officer. In some cases, voluntary settlement conferences may be requested by the parties.

**ADVANTAGES OF ADR**

- **Save time and money.** Utilizing ADR methods is often faster than going to trial and parties can save on court costs, attorney's fees, and other charges.
- **Reduce stress and protect privacy.** ADR is conducted outside of a courtroom setting and does not involve a public trial.
- **Help parties maintain control.** For many types of ADR, parties may choose their ADR process and provider.

**DISADVANTAGES OF ADR**

- **Costs.** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial.** ADR does not provide a public trial or decision by a judge or jury.

**WEBSITE RESOURCES FOR ADR**

- **Los Angeles Superior Court ADR website:** www.lacourt.org/ADR
- **California Courts ADR website:** www.courts.ca.gov/programs-adr.htm

**Los Angeles Superior Court ADR Programs for Unlimited Civil (cases valued over $35,000)**
Litigants should closely review the requirements for each program and the types of cases served.

- **Civil Mediation Vendor Resource List.** Litigants in unlimited civil cases may use the Civil Mediation Vendor Resource List to arrange voluntary mediations without Court referral or involvement. The Resource List includes organizations that have been selected through a formal process that have agreed to provide a limited number of low-cost or no-cost mediation sessions with attorney mediators or retired judges. Organizations may accept or decline cases at their discretion. Mediations are scheduled directly with these organizations and are most often conducted through videoconferencing. The organizations on the Resource List target active civil cases valued between $50,000-$250,000, though cases outside this range may be considered. *For more information and to view the list of vendors and their contact information, download the Resource List Flyer and FAQ Sheet at www.lacourt.org/ADR/programs.html.*
  RESOURCE LIST DISCLAIMER: The Court provides this list as a public service. The Court does not endorse, recommend, or make any warranty as to the qualifications or competency of any provider on this list. Inclusion on this list is based on the representations of the provider. The Court assumes no responsibility or liability of any kind for any act or omission of any provider on this list.

- **Mediation Volunteer Panel (MVP).** Unlimited civil cases referred by judicial officers to the Court's Mediation Volunteer Panel (MVP) are eligible for three hours of virtual mediation at no cost with a qualified mediator from the MVP. Through this program, mediators volunteer preparation time and three hours of mediation at no charge. If the parties agree to continue the mediation after three hours, the mediator may charge their market hourly rate. When a case is referred to the MVP, the Court's ADR Office will provide information and instructions to the parties. The Notice directs parties to meet and confer to select a mediator from the MVP or they may request that the ADR Office assign them a mediator. The assigned MVP mediator will coordinate the mediation with the parties. *For more information or to view MVP mediator profiles, visit the Court's ADR webpage at www.lacourt.org/ADR or email ADRCivil@lacourt.org.*

- **Mediation Center of Los Angeles (MCLA) Referral Program.** The Court may refer unlimited civil cases to mediation through a formal contract with the Mediation Center of Los Angeles (MCLA), a nonprofit organization that manages a panel of highly qualified mediators. Cases must be referred by a judicial officer or the Court's ADR Office. The Court's ADR Office will provide the parties with information for submitting the case intake form for this program. MCLA will assign a mediator based on the type of case presented and the availability of the mediator to complete the mediation in an appropriate time frame. MCLA has a designated fee schedule for this program. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

- **Resolve Law LA (RLLA) Virtual Mandatory Settlement Conferences (MSC).** Resolve Law LA provides three-hour virtual Mandatory Settlement Conferences at no cost for personal injury and non-complex employment cases. Cases must be ordered into the program by a judge pursuant to applicable Standing Orders issued by the Court and must complete the program's online registration process. The program leverages the talent of attorney mediators with at least 10 years of litigation experience who volunteer as settlement officers. Each MSC includes two settlement officers, one each from the plaintiff and defense bars. Resolve Law LA is a joint effort of the Court, Consumer Attorneys Association of Los Angeles County (CAALA), Association of Southern California Defense Counsel (ASCDC), Los Angeles Chapter of the American Board of Trial Advocates (LA-ABOTA), Beverly Hills Bar Foundation (BHBF), California Employment Lawyers Association (CELA), and Los Angeles County Bar Association (LACBA). *For more information, visit https://resolvelawla.com.*

- **Judicial Mandatory Settlement Conferences (MSCs).** Judicial MSCs are ordered by the Court for unlimited civil cases and may be held close to the trial date or on the day of trial. The parties and their attorneys meet with a judicial officer who does not make a decision, but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For more information, visit https://www.lacourt.org/division/civil/CI0047.aspx.

**Los Angeles Superior Court ADR Programs for Limited Civil (cases valued below $35,000)**
Litigants should closely review the requirements for each program and the types of cases served.

- **Dispute Resolution Program Act (DRPA) Day-of-Hearing Mediation.** Through the Dispute Resolution Program Act (DRPA), the Court works with county-funded agencies, including the Los Angeles County Department of Consumer & Business Affairs (DCBA) and the Center for Conflict Resolution (CCR), to provide voluntary day-of-hearing mediation services for small claims, unlawful detainer, limited civil, and civil harassment matters. DCBA and CCR staff and trained volunteers serve as mediators, primarily for self-represented litigants. There is no charge to litigants. *For more information, visit https://dcba.lacounty.gov/countywidedrp.*

- **Temporary Judge Unlawful Detainer Mandatory Settlement Conference Pilot Program.** Temporary judges who have been trained as settlement officers are deployed by the Court to designated unlawful detainer court locations one day each week to facilitate settlement of unlawful detainer cases on the day of trial. For this program, cases may be ordered to participate in a Mandatory Settlement Conference (MSC) by judicial officers at Stanley Mosk, Long Beach, Compton, or Santa Monica. Settlement rooms and forms are available for use on the designated day at each courthouse location. There is no charge to litigants for the MSC. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES**<br><br>COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012<br><br>**NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | Reserved for Clerk's File Stamp<br><br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br>**02/18/2026**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____C. Cervantes_____ Deputy |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>26STCV05413 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Rupert A. Byrdsong | 28 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    David W. Slayton, Executive Officer / Clerk of Court

on 02/20/2026_____    By C. Cervantes_____, Deputy Clerk
     (Date)

LACIV 190 (Rev 6/18)    **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES** | |
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street,  Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>02/23/2026<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ S. Brown _____ Deputy |
| PLAINTIFF(S)/PETITIONER(S):<br>Frank Bucci | |
| DEFENDANT(S)/RESPONDENT(S):<br>United Airlines, Inc., a business entity, | |
| **CLERK'S CERTIFICATE OF SERVICE<br>BY ELECTRONIC SERVICE** | CASE NUMBER:<br>26STCV05413 |

I, David W. Slayton, Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein and that on this date I served the

**Notice of Case Management Conference of 02/23/2026**

upon each party or counsel of record in the above entitled action by electronically serving to the party or parties at the electronic address as listed below:

**"Gevorkian, Diana" <diana.gevo@employeerightsattorneygroup.com>**

The electronic transmission originated from the Superior Court of California, County of Los Angeles email address <u>eService-DoNotReply@lacourt.org</u> at the <u>Stanley Mosk Courthouse</u>, <u>111 North Hill Street</u>, <u>Los Angeles, CA 90012</u>.

Dated: <u>02/23/2026</u>

David W. Slayton, Executive Officer / Clerk of Court

By:  S. Brown _____
                                        Deputy Clerk

**Page 1 of 1**

**CLERK'S CERTIFICATE OF SERVICE BY ELECTRONIC SERVICE**

LASC CIV 310 NEW 03/25
For Mandatory Use

Code of Civil Procedure § 1013b(4)

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
**Stanley Mosk Courthouse**
**111 North Hill Street, Los Angeles, CA 90012**

PLAINTIFF:
**Frank Bucci**

DEFENDANT:
**United Airlines, Inc., a business entity,**

**NOTICE OF CASE MANAGEMENT CONFERENCE**

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

**02/23/2026**

David W. Slayton, Executive Officer / Clerk of Court

By: _____S. Brown_____ Deputy

CASE NUMBER:
**26STCV05413**

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| | | |
|---|---|---|
| Date: 06/22/2026 | Time: 8:30 AM | Dept.: 28 |

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 02/23/2026

_____ Judicial Officer

Rupert A. Byrdsong / Judge

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☐ by depositing in the United States mail at the courthouse in **Los Angeles**, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Diana Gevorkian
9465 Wilshire Blvd.
Suite 300
CA, CA 90212

David W. Slayton, Executive Officer / Clerk of Court

By _____S. Brown_____
Deputy Clerk

Dated: 02/23/2026

LASC LACIV 132 Rev. 01/23
For Optional Use

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter 7KUHH

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Diana Gevorkian, Esq., 275598<br>9465 Wilshire Blvd., Suite 300<br>Beverly Hills, CA 90212<br><br>TELEPHONE NO.: 310-300-3435    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* Diana.Gevo@EmployeeRightsAttorneyGroup.com<br>ATTORNEY FOR *(Name):* Frank Bucci | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>3/18/2026 2:13 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By L. Grim, Deputy Clerk** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**  Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

| PLAINTIFF/PETITIONER: Frank Bucci | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: United Airlines, Inc. | 26STCV05413 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I served copies of:

    a.  ☒ summons

    b.  ☒ complaint

    c.  ☒ Alternative Dispute Resolution (ADR) package

    d.  ☒ Civil Case Cover Sheet *(served in complex cases only)*

    e.  ☐ cross-complaint

    f.  ☒ other *(specify documents):* Right to Sue Notice and Notice of Case Assignment

3.  a.  Party served *(specify name of party as shown on documents served):*
        United Airlines, Inc.

    b.  ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
        under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4.  Address where the party was served:
    CS Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833

5.  I served the party *(check proper box)*

    a.  ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
        receive service of process for the party  (1) on *(date):*                     (2) at *(time):*

    b.  ☐ **by substituted service.** On *(date):*                at *(time):*          I left the documents listed in item 2 with or
        in the presence of *(name and title or relationship to person indicated in item 3):*

        (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
            of the person to be served. I informed him or her of the general nature of the papers.

        (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
            place of abode of the party. I informed him or her of the general nature of the papers.

        (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
            address of the person to be served, other than a United States Postal Service post office box. I informed
            him or her of the general nature of the papers.

        (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
            at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
            *(date):*               from *(city):*                    **or** ☐ a declaration of mailing is attached.

        (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

**Page 1 of 2**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

POS-010

| PLAINTIFF/PETITIONER:Frank Bucci | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: United Airlines, Inc. | 26STCV05413 |

5. c. [ **☒** ] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):* February 23, 2026          (2) from *(city):* Beverly Hills

   (3) [ **✗** ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt*.)* (Code Civ. Proc., § 415.30.)

   (4) [ ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. [ ] **by other means** *(specify means of service and authorizing code section):*

   [ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

   a. [ **✗** ] as an individual defendant.

   b. [ ] as the person sued under the fictitious name of *(specify):*

   c. [ ] as occupant.

   d. [ ] On behalf of *(specify):*

   under the following Code of Civil Procedure section:

   | | |
   |---|---|
   | [ ✗ ] 416.10 (corporation) | [ ] 415.95 (business organization, form unknown) |
   | [ ] 416.20 (defunct corporation) | [ ] 416.60 (minor) |
   | [ ] 416.30 (joint stock company/association) | [ ] 416.70 (ward or conservatee) |
   | [ ] 416.40 (association or partnership) | [ ] 416.90 (authorized person) |
   | [ ] 416.50 (public entity) | [ ] 415.46 (occupant) |
   | | [ ] other: |

7. **Person who served papers**

   a. Name:  Diana Gevorkian

   b. Address:  9465 Wilshire Blvd., Suite 300, Beverly Hills, CA 90212

   c. Telephone number:  310-300-3435

   d. **The fee** for service was: $ 0

   e. I am:

   (1) [ **✗** ] not a registered California process server.

   (2) [ **✗** ] exempt from registration under Business and Professions Code section 22350(b).

   (3) [ ] a registered California process server:

   (i) [ ] owner   [ ] employee   [ ] independent contractor.

   (ii) Registration No.:

   (iii) County:

8. [ **✗** ] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   **or**

9. [ ] **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:

Diana Gevorkian, Esq.
_____          ▶ _____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                              (SIGNATURE)

| POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | **Page 2 of 2** |
|---|---|---|

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

[ **Print this form** ]   [ **Save this form** ]   [ **Clear this form** ]

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:    STATE BAR NO: 275598<br>NAME: Diana Gevorkian, Esq.<br>FIRM NAME: Diana Gevorkian Law Firm<br>STREET ADDRESS: 9465 Wilshire Blvd., Suite 300<br>CITY: Beverly Hills    STATE: CA    ZIP CODE: 90212<br>TELEPHONE NO.: 310-300-3435    FAX NO. :<br>E-MAIL ADDRESS: Diana.Gevo@EmployeeRightsAttorneyGroup.com<br>ATTORNEY FOR (Name): Frank Bucci | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Beverly Hills, CA 90212
   BRANCH NAME: Stanley Mosk Courthouse

Plaintiff/Petitioner: Frank Bucci

Defendant/Respondent: United Airlines, Inc.

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>26STCV05413 |

TO *(insert name of party being served):*  UNITED AIRLINES, INC.

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: February 23, 2026

Diana Gevorkian, Esq.
(TYPE OR PRINT NAME)

(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [ x ] A copy of the summons and of the complaint.
2. [ x ] Other *(specify):*
   Alternative Dispute Resolution Packet, Notice of Case Assignment, Right to Sue Notice, and Civil Case Coversheet Addendum and Statement of Location

*(To be completed by recipient):*

Date this form is signed: March 13, 2026

Katherine Cervantes, Esq.

(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

Attorney for Defendant

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

For your protection and privacy, please press the Clear This Form button after you have printed the form.    | Print this form | | Save this form |    | Clear this form |

Diana Gevorkian, Esq., State Bar No. 275598
**DIANA GEVORKIAN LAW FIRM**
9465 Wilshire Blvd., Suite 300
Beverly Hills, California  90212
Phone: (310) 300-3435
diana.gevo@employeerightsattorneygroup.com

Electronically FILED by
Superior Court of California,
County of Los Angeles
3/18/2026 2:42 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By E. Mayorga, Deputy Clerk

Attorneys for Plaintiff Frank Bucci

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| FRANK BUCCI, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED AIR LINES, INC., a business entity, and DOES 1 through 50 Inclusive,<br><br>Defendants. | **The Honorable Rupert A. Byrdsong**<br><br>**CASE NO.  26STCV05413**<br>**Unlimited Action**<br><br>**PLAINTIFF'S NOTICE OF POSTING JURY FEES**<br><br>Trial Date:  None Set<br>Complaint Filed: February 18, 2026 |

PLEASE TAKE NOTICE THAT that on or about March 18, 2026 Plaintiff Frank Bucci posted a jury fee deposit pursuant to Code of Civil Procedure §631(b).

Respectfully,

DATED:  March 18, 2026

DIANA GEVORKIAN LAW FIRM

By:_____
Diana Gevorkian, Esq.
Attorneys for Plaintiff Frank Bucci

-2-

## **PROOF OF SERVICE**

I, am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 9595 Wilshire Blvd, Suite 900, Los Angeles, California 90212.

On **March 18, 2026** I served the foregoing document described as on the interested parties in this action as follows: **PLAINTIFF'S NOTICE OF POSTING JURY FEES**

The aforementioned documents were served on:

Katherine Cervantes, Esq.
kcervantes@nfclegal.com
Attorney for Defendant United Airlines, Inc.

___**X__ BY ELECTRONIC SERVICE ONLY:**  I caused the foregoing document(s) to be sent to the person(s) listed above, at their e-mail address(es) referenced above.  No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

Executed in Beverly Hills, California on March 18, 2026.

_____
Diana Gevorkian

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

FOR COURT USE ONLY

COURTHOUSE ADDRESS:

Stanley Mosk Courthouse
111 North Hill Street,  Los Angeles, CA 90012

PLAINTIFF(S)/PETITIONER(S):

Frank Bucci

DEFENDANT(S)/RESPONDENT(S):

United Airlines, Inc., a business entity,

**FILED**
Superior Court of California
County of Los Angeles
03/24/2026
David W. Slayton, Executive Officer / Clerk of Court
By: _____ S. Brown _____ Deputy

## CLERK'S CERTIFICATE OF SERVICE
## BY ELECTRONIC SERVICE

CASE NUMBER:

26STCV05413

I, David W. Slayton, Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein and that on this date I served the

**Notice Re: Continuance of Hearing and Order of 03/24/2026**

upon each party or counsel of record in the above entitled action by electronically serving to the party or parties at the electronic address as listed below:

**"Gevorkian, Diana" <diana.gevo@employeerightsattorneygroup.com>**

The electronic transmission originated from the Superior Court of California, County of Los Angeles email address eService-DoNotReply@lacourt.org at the Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA 90012.

Dated: 03/24/2026

David W. Slayton, Executive Officer / Clerk of Court

By:  S. Brown _____
Deputy Clerk

**Page 1 of 1**

CLERK'S CERTIFICATE OF SERVICE BY ELECTRONIC SERVICE

LASC CIV 310 NEW 03/25
For Mandatory Use

Code of Civil Procedure § 1013b(4)

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>03/24/2026<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ S. Brown _____ Deputy |
| PLAINTIFF(S):<br>Frank Bucci | |
| DEFENDANT(S):<br>United Airlines, Inc., a business entity, | |
| **NOTICE RE: CONTINUANCE OF HEARING AND ORDER** | CASE NUMBER:<br>26STCV05413 |

TO THE PLAINTIFF(S) AND ATTORNEY(S) OF RECORD AND / OR PARTIES IN PROPRIA PERSONA:

You are hereby notified that the Case Management Conference _____

previously set for hearing on 06/22/2026 _____ in Department 28 _____ has been reset for

hearing in the same department on 06/24/2026 _____ at 8:30 AM _____.

---

## ORDER

You are ordered to give notice by mail forthwith of such fact to all parties and to file proof of service of such

notice forthwith in the assigned department, located at Stanley Mosk Courthouse _____

111 North Hill Street, Los Angeles, CA 90012 _____.

Dated: 03/24/2026 _____       _____ Rupert A. Byrdsong / Judge _____

Judicial Officer

**NOTICE RE: CONTINUANCE OF HEARING AND ORDER**

LACIV XXX
LASC Approved 00-00